# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

YAHOO! INC. a Delaware corporation,

        **Plaintiff,**

v.

TRAVELCOMM INDUSTRIES, INC.
D/B/A TRAVELCOMM, INC.,
TRAVELCOM, INC., TELECOM
INDUSTRIES, INC.,
CANCUNBESTFARES.COM,
VACATIONS INC., I.R.R., INC.;
ISLAND REEF RESORTS D/B/A
ISLAND REEFS RESORT, INC.;
RIGOBERTO SOTOLONGO; PETER
SOTOLONGO A/K/A/ PEDRO
SOTOLONGO; DANIEL MARSHALL;
JOE FONTINA; AND JOHN/JANE
DOES 1–25,

        **Defendants.**

_____/

Case No. 6:08CV-1259-ORL-18-KRS

**JURY TRIAL
DEMANDED**

## COMPLAINT

Plaintiff, Yahoo! Inc. ("Yahoo!" or "Plaintiff") for its complaint against Defendants Travelcomm Industries, Inc. d/b/a Travelcomm, Inc., Travelcom, Inc., Telecom Industries, Inc., Cancunbestfares.com, Vacations Inc., I.R.R., Inc.; Island Reef Resorts d/b/a Island Reefs Resort, Inc.; Rigoberto Sotolongo; Peter Sotolongo a/k/a/ Pedro Sotolongo; Daniel Marshall; Joe Fontina; and John/Jane Does 1–25 (collectively referred to herein as "Defendants") alleges as follows:

1

## NATURE OF THE ACTION

1.    This is an action for counterfeiting, trademark infringement, unfair competition, false designation of origin, false or misleading description or representation of fact, dilution, and other related claims.  Defendants have, without authorization from Yahoo!, willfully masqueraded as Yahoo! for the purpose of deceiving consumers by disseminating unsolicited, facsimiles that imitate the YAHOO! Travel website operated by Yahoo! for the advertisement of Defendants' travel packages, when Defendants have no affiliation or connection with Yahoo!.

## THE PARTIES

2.    Yahoo! is a Delaware corporation with a principal place of business at 701 First Avenue, Sunnyvale, California 94089.

3.    Upon information and belief, defendant Travelcomm Industries, Inc. d/b/a Travelcomm, Inc., Travelcom, Inc., Telecom Industries, Inc., Cancunbestfares.com, Vacations Inc., I.R.R., Inc. ("Travelcomm") is a Florida Corporation having a principal place of business at 5439 International Drive, Orlando, Florida, 32819.

4.    Upon information and belief, defendant Island Reef Resorts d/b/a Island Reefs Resort, Inc. is a Florida Corporation having a principal place of business at 5895 Carrier Drive, Orlando, Florida, 32819.

5.    Upon information and belief, defendant Rigoberto Sotolongo is an individual residing in the State of Florida, and is a principal of defendant Travelcomm.

6.    Upon information and belief, defendant Peter (Pedro) Sotolongo is an individual residing in the State of Florida, and is a manager of defendant Travelcomm.

ORLA_1102847.1

7.     Upon information and belief, defendant Daniel Marshall is an individual residing in the State of Florida, and is a principal of Island Reefs Resort, Inc.

8.     Upon information and belief, defendant Joe Fontina is an individual doing business at the address Avenida Yaxchilan 40 S M 21, Cancun, Quintana Roo 77500, Mexico, and is the registrant of the domain name <cancunbestfares.com> for the periods relevant to this complaint.

9.     Upon information and belief, Defendants Rigoberto Sotolongo, Peter Sotolongo, Daniel Marshall, and Joe Fontina are officers, directors, partners, shareholders, or agents of Defendant Travelcomm, or otherwise exercise extensive control over Travelcomm as its alter egos, and are active participants, primary actors, or conscious, active and dominant forces behind the wrongful acts of Travelcomm complained of herein for the gain of Travelcomm and for their own individual gain.

10.     The true identities of defendants John/Jane Doe Nos. 1–25 are unknown. Upon information and belief, information obtained in discovery of the defendants and third party service providers will lead to the identification of the John/Jane Doe defendants.

<u>JURISDICTION AND VENUE</u>

11.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as questions of federal law have been presented under 15 U.S.C. §§ 1114 and 1125(a).  This Court has supplemental jurisdiction over Yahoo!'s state law claims pursuant to 28 U.S.C. § 1367.

3

12. This Court has in personam jurisdiction over each of the Defendants pursuant to Fla. Stat. § 48.193 in that, upon information and belief, Defendants, by themselves or through their agents, regularly solicit, transact, operate, conduct, and engage in business in Florida, including the Middle District of Florida; and have caused Yahoo!'s injuries alleged herein from their acts within or directed toward Florida and the Middle District of Florida.

13. Venue is appropriate in this Court over Defendants pursuant to 28 U.S.C. § 1391 because upon information and belief, Defendants regularly conduct business in this district and/or a substantial part of the claims arose in this district.

## YAHOO!'S BUSINESS AND SERVICES

14. Yahoo! is a global Internet communications, media, and commerce company that delivers a branded network of comprehensive searching, directory, information, communication, shopping services and other online activities and features to millions of Internet users daily.

15. Yahoo!'s services include travel services, including travel reservations, as well as web directory and search services, e-mail services, chat, sports, stock quotes, real estate and mortgage information and rate quotes, movie reviews, news, weather, sports, yellow page directory services, maps, on-line shopping, classified advertising, audio and video streaming, and web-hosting and management.

16. Since at least as early as 1994, Yahoo! has used its name and mark YAHOO! in connection with its services.

ORLA_1102847.1

17.    The main YAHOO! website, located at the domain name <www.yahoo.com>, has long been one of the leading websites on the Internet. For example, according to comScore Media Metrix, during the month of February 2008, Yahoo!'s total U.S. Internet audience was approximately 184 million unique visitors. Yahoo!'s websites are the top Internet property in the U.S., reaching approximately 74% of the U.S. online population, with the largest share of online time. Also, according to comScore, Yahoo! users in the U.S. visited Yahoo! properties approximately 3.7 billion times in the month of March 2008. As of at least April 2008, the YAHOO! Homepage remains the single most visited page online, reaching more than half of all Internet users in the U.S.

18.    Yahoo! also provides leading websites across multiple subject matter categories. For example, according to comScore Media Metrix, Yahoo!'s websites are consistently top ranked in the travel category and twelve other categories. Additionally, Yahoo!'s electronic mail service is the most popular electronic mail service provider on the Internet, with over 250 million users worldwide.

19.    In addition to the variety of services offered at Yahoo!'s main website, <www.yahoo.com>, Yahoo! operates many additional sites, under the YAHOO! mark and using the YAHOO! mark together with a descriptive name of its services, including but not limited to YAHOO! Travel, YAHOO! Mail, YAHOO! Search, YAHOO! News, YAHOO! Video, YAHOO! Kids, YAHOO! Classifieds, YAHOO! Mobile, YAHOO! Messenger, YAHOO! Shopping, YAHOO! Small Business, YAHOO Finance, YAHOO! Personals, YAHOO! Sports, YAHOO Maps, and YAHOO! Movies.

5

20.    Yahoo! has been operating its YAHOO! travel website since at least as early as November 1997 in connection with travel services, including travel reservation services.  Below is an excerpt from a screenshot, obtained on May 12, 2008, of a portion of the YAHOO! Travel website (at https://travel.yahoo.com), a true and correct copy of which is attached hereto as Exhibit 1:



21.    Yahoo! has duly registered its name and mark YAHOO! and is the owner of, inter alia, the entire right, title, and interest in and to numerous federal registrations for YAHOO! and YAHOO!-formative marks, including but not limited to the following:

| REG. NO. | MARK | REG. DATE | SERVICES |
|----------|------|-----------|----------|
| 2040222 | YAHOO! | February 25, 1997 | computer software for searching and retrieving information, sites, and other resources on computer networks; computer software, namely, a directory of |

| REG. NO. | MARK | REG. DATE | SERVICES |
|---|---|---|---|
| | | | information, sites, and resources available on computer networks; books regarding computer networks and searching and retrieving information, sites, and other resources on computer networks; promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed through computer networks; computer services, namely, creating indexes of information, sites, and other resources available on computer networks; searching and retrieving information, sites, and other resources available on computer networks for others; providing an online link to news, weather, sports, current events, and reference materials |
| 2040691 | YAHOO! (stylized) | February 25, 1997 | computer services, namely, creating indexes of information, sites, and other resources available on computer networks; searching and retrieving information, sites, and other resources available on computer networks for others; providing an online link to news, weather, sports, current events, and reference materials |
| 2159115 | YAHOO! | May 19, 1998 | electronic mail services |
| 2084046 | MY YAHOO! | July 29, 1997 | computer services, namely, creating indexes of information, sites, and other resources available on computer networks for others; searching and retrieving information, sites, and other resources available on computer networks; providing an online link to news, weather, sports, current events, and reference materials |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|---|---|---|---|
| 2076457 | YAHOO! | July 1, 1997 | magazines regarding computer networks and searching and retrieving information, sites, and other resources on computer networks |
| 2187292 | YAHOO! | September 8, 1998 | online computer services, namely, providing information regarding the goods and services of others in the nature of a buyers' guide, by means of a global computer network |
| 2403227 | YAHOO! | November 14, 2000 | computer software for providing multiple-user access to computer networks; and computer software for use in creating and designing web sites; online retail and mail order services in the field of general consumer merchandise; directory services to help locate people, places, organizations, phone numbers, home pages, and electronic mail address; promoting the web sites of others, namely, distributing advertising for others via an online electronic communications network; telecommunications services, namely, providing telephone communications via computer networks; electronic transmission of data, images, and documents via computer terminals and networks; providing online facilities for real-time interaction with other computer users concerning topics of general interest and for playing games; and broadcasting services, namely, audio broadcasting, radio broadcasting, cable television broadcasting, television broadcasting, and video broadcasting; making reservations and bookings for transportation and online reservations and bookings for transportation; computer services, namely, providing multiple-user access to computer networks for the transfer and dissemination of a wide range |

8

| REG. NO. | MARK | REG. DATE | SERVICES |
|---|---|---|---|
| | | | of information; providing a wide range of general interest information via computer networks; computer bulletin and message boards in the fields of general interest; design, creation, hosting, maintenance, consulting, and technical assistance in the fields of designing, creating, hosting, maintaining, operating, managing, advertising, and marketing of online commerce websites; making reservations and bookings for temporary lodging and online reservations and bookings for temporary lodging |
| 2564963 | YAHOO! | April 30, 2002 | telecommunications services, namely, broadcasting and delivery of audio, video, and multimedia content by means of cellular and wireless communication, electronic communications networks, and computer networks; delivery of messages by electronic transmission; and paging services |
| 2243823 | YAHOO! | May 4, 1999 | credit card services |
| 2243909 | YAHOO! | May 4, 1999 | posters; shirts, sweatshirts, shorts, jackets, visors, and hats |
| 2273128 | YAHOO! | August 24, 1999 | Computer software for use as a screen saver; housewares, namely cups and mugs |
| 2482907 | YAHOO! | August 28, 2001 | note pads in the form of cubes; desk pads; pens |
| 2491498 | YAHOO! | September 18, 2001 | personal planners; backpacks and luggage tags |
| 2507286 | YAHOO! | November 13, 2001 | drink containers in the nature of water bottles; soccer balls, baseballs, footballs, beach balls, beach toys namely, inflatable toys |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|---|---|---|---|
| 2530662 | YAHOO! | January 15, 2002 | pre-recorded sound recordings featuring music, musical performances, instrumental music, vocal music |
| 2559219 | YAHOO! | April 9, 2002 | pre-recorded sound recordings featuring educational materials |
| 2564976 | YAHOO! | April 30, 2002 | providing online retail, mail order, and auction business management; event ticket sales services; financial services, namely, provision of information regarding real estate financing, mortgage rates, home sale values, automobile loans, stock prices, investing, coupons and other money saving offers; provision of credit reports and credit report analysis information; insurance services, namely, provision of information regarding automobile insurance, life insurance, health insurance, homeowners insurance, and renters insurance; electronic bill payment services; provision of buyer protection insurance for purchases made on the internet; electronic funds transfer services; and electronic commerce services, namely, credit card transaction processing services, credit card verification services, payment processing services, and bill processing services |
| 2630544 | YAHOO! | October 8, 2002 | digital cameras and downloaders, namely, devices that download and play audio clips from the internet and other sources |
| 2713015 | YAHOO! | May 6, 2003 | providing business referrals in the field of real estate for brokers, appraisers, adjusters, and other real estate professionals; providing online information in the field of real estate |
| 2715989 | YAHOO! | May 13, 2003 | telecommunication services, namely, broadcasting and delivery of audio, video, |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|---|---|---|---|
| | | | and multimedia content by means of radio, television, cable television, and closed circuit; and telephony services |
| 2867113 | YAHOO! GROUPS | July 27, 2004 | promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed through computer networks; advertising and promotion of websites for others; online directory services; providing online directories, indices, and searchable databases pertaining to e-mail communication and mailing lists; and computerized database management; providing multiple-user access to computer networks for the transfer and dissemination of a wide range of information; electronic transmission of data, messages, images, and documents; electronic mail services; electronic storage of messages and data; chat services, namely, providing online facilities for real-time interaction with other computer users concerning topics of general interest; providing electronic bulletin boards and message boards for transmission of messages among computer users concerning topics of general interest; storage of electronic data, information, computer files, and photographs for others; calendaring services rendered via computer networks; searching and retrieving information, sites, and other resources available on computer networks for others; designing, creating, hosting, and maintenance of websites for others; and providing use of software applications through a personalized web-page interface |
| 2946620 | YAHOO! | May 3, 2005 | web cameras and remote controls for |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|----------|------|-----------|----------|
| | | | personal computing devices |
| 3039073 | YAHOO! | January 10, 2006 | entertainment and education services, namely, providing online computer games and contests; online computer services to enable people to locate other game players and play games over communications networks; ongoing entertainment programs broadcast via radio, cellular, and wireless communication, the internet, electronic communications networks, and computer networks in the fields of news, weather, sports, travel, current events, reference information, career information, computing, technology, shopping, auctions, movies, theater, music, health, education, science, finance, and investing; providing sports information via telephone, cellular telephone, wireless communication devices, and the internet; providing information in the field of sports, sports scores, sports statistics, player statistics, play-by-play sports commentary, and sports editorial commentary via the internet; conducting classes to train employment recruiters and personnel managers how to optimize the hiring process; providing information and news online in the fields of employment training; movie schedule and location information services; providing a website featuring information, listings, and news regarding television programming and entertainment; providing information in the fields of news and entertainment, namely, movies, television, music, sports, and celebrity personalities via computer networks; entertainment services in the form of a continuing news show distributed over computer networks; organizing and conducting fantasy sports |

12

| REG. NO. | MARK | REG. DATE | SERVICES |
|---|---|---|---|
| | | | contests and leagues; providing online fantasy sports news information; providing horoscope information and entertainment via computer networks; providing information relating to electronic and computer games; production of music video programs for broadcast on computer networks. entertainment services, namely, providing a web site featuring musical performances, musical videos, film clips, celebrity interviews, talk shows, television show previews, photographs, and other multimedia materials; providing prerecorded music, information in the field of music, and commentary and articles about music, all via computer networks; providing information regarding photography |
| 3060552 | YAHOO! | February 21, 2006 | clocks; wrapping paper, memo pads, playing cards, pens and pencils; umbrellas; cups and lunch boxes; towels; socks, ties, boxer shorts, t-shirts; headwear; and footwear |
| 3097162 | MY YAHOO! | May 30, 2006 | electronic currency converters; advertising and business services, namely, advertising and marketing; advertising services, namely, placing advertisements and promotional displays in electronic sites accessed via computer networks; providing career, employment, and job placement information via the internet; providing consumer product information via the internet; providing online auction services; promoting the goods and services of others by means of operating an online shopping mall with links to the retail web sites of others; providing comparison shopping information via the internet; providing hotel, resort, and other |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|----------|------|-----------|----------|
| | | | lodging rate comparison information; providing an online commercial information directory on the internet; providing online directory information services also featuring hyperlinks to other websites; providing information regarding charity volunteer programs and community service projects; insurance and financial services, namely, providing information regarding finance, currency conversion, real estate, real estate financing, home sale values, stock prices, investing, and money saving offers; providing information regarding automobile insurance, life insurance, health insurance, and homeowners insurance; electronic payment, namely, electronic processing and transmission of bill and credit card payment data; electronic funds transfer; financial services, namely, providing credit reports and credit report analysis information; communication services, namely, electronic transmission of data and documents among users of computers; broadcasting services, namely, broadcasting of audio, video, and multimedia content via the internet; electronic mail services; voice mail services; telephone voice messaging services; electronic transmission of data, messages, images, and documents; chat room services, namely, providing online facilities for real-time interaction with other computer users concerning topics of general interest; providing electronic bulletin boards and message boards for transmission of messages among computer users concerning topics of general interest and for playing games; travel information services; travel guide services; travel agency services, namely, |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|---|---|---|---|
| | | | making reservations and bookings for transportation; storage of electronically-stored data, information, computer files, and photographs for others; entertainment and education services, namely, providing online computer games, sports news, and movie schedule and location information services; movie ticket reservation services; providing information, listings, and news regarding television programming and entertainment; providing information in the fields of news and entertainment, namely, movies, television, music, sports, and celebrity personalities via computer networks; providing information regarding lottery results; organizing and conducting fantasy sports contests and leagues; providing online fantasy sports news information; providing a website featuring prerecorded music videos via computer networks; providing search engines for obtaining data on the internet; providing temporary use of online non-downloadable software for calendaring via computer networks; providing temporary use of non-downloadable software through personalized web page interfaces for providing customized online web pages featuring user-defined information, which includes search engines and online web links to other websites; online computer mapping services; providing information regarding food and drink establishments; providing information regarding lodging; and providing information regarding temporary accommodations |
| 3152495 | YAHOO! | October 10, 2006 | providing a website in the field of employment opportunities and career placement which offers the exchange of information; providing information |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|----------|------|-----------|----------|
| | | | regarding careers, employment, and job placement; providing consumer product information; providing comparison shopping information; providing rate comparison information for hotels, resorts, and other accommodations; providing information about automobiles for sale or lease; providing demographic information; and providing online directory information services also featuring hyperlinks to other websites; providing substantive information regarding building construction and repair services; providing substantive information regarding home construction and repair services; providing substantive information regarding appliance repair services; providing substantive information regarding handyman services; providing substantive information regarding pest control services; providing substantive information regarding cleaning services; and providing substantive information regarding home maintenance; digital enhancement of photographs; providing information regarding photocomposing services; providing information regarding photographic computer imaging; photographic enlarging services; photographic printing services; digital imaging services; document data transfer from one media to another; electronic digitizing of photographs into a computer readable media; and custom printing of digital photographs onto gift items, namely, mugs, t-shirts, mouse pads, puzzles, magnets, and posters; providing information regarding fitness; providing information regarding clinical trials; providing reviews and other substantive information regarding food and drink |

ORLA_1102847.1

| REG. NO. | MARK | REG. DATE | SERVICES |
|----------|------|-----------|----------|
|          |      |           | establishments; providing reviews and other substantive information regarding lodging; and providing reviews and substantive information regarding temporary accommodations; providing information regarding landscaping and yard care; providing information regarding health and health care; providing information regarding nutrition; providing information regarding medications; providing information regarding pet care; providing information regarding pet breeds; providing information regarding astrology and horoscopes; providing information regarding dating; matchmaking services, namely, providing an online database of personals ads; providing counseling information via the internet in the fields of parenting and family relationships; and providing pet locater services |

22.     Each registration listed above in Paragraph 21 is currently valid, subsisting and in full force and effect, and registered on the Principal Trademark Register of the PTO. (The above registrations are referred to collectively herein as the "Yahoo! Marks.")    Registration Nos. 2,040,222; 2,040,691; 2,076,457; 2,084,06; 2,159,115; 2,187,292; 2,243,823; 2,243,909; 2,273,128; 2,482,907; 2,491,498; and 2,507,286 are incontestable pursuant to 15 U.S.C. § 1065. The registration of these marks constitutes prima facie evidence of their validity and conclusive evidence of Yahoo!'s exclusive right to use the name and mark YAHOO! in connection with the services named therein and commercially related goods. The registration of such marks also constitutes

17

constructive notice to Defendants of Yahoo!'s ownership and exclusive rights in the Yahoo! Marks. True and correct copies of the certificates of registrations identified in Paragraph 21 are attached hereto as Exhibit 2.

23.     The name and mark YAHOO! is one of the most recognized brands in the world. As a result of the arbitrary and distinctive nature of the name and mark YAHOO! and the Yahoo! Marks, the many millions of visitors to the YAHOO! network of websites every day, the hundreds of thousands of links to the YAHOO! website from third party websites, Yahoo!'s extensive use and promotion, and the time, effort and money invested in its business, the name and mark YAHOO! and the Yahoo! Marks have acquired secondary meaning, significant goodwill and have become famous and serve uniquely to identify Yahoo! and its services. Through such widespread and favorable public acceptance and recognition, the name and mark YAHOO! and the Yahoo! Marks have become assets of incalculable value as symbols of Yahoo!'s high quality services.

## DEFENDANTS' WRONGFUL CONDUCT

24.     Upon information and belief, Defendants offer vacation travel packages to destinations such as Cancun, Orlando, and Daytona.

25.     Upon information and belief, Defendants at all relevant times used the domain name <cancunbestfares.com> to operate a website advertising various travel packages to Cancun, which are being marketed through the use of unsolicited faxes advertising Cancun vacation travel packages.

26.     Upon information and belief, Defendant Joe Fontina was the registrant of the domain name <cancunbestfares.com> at all relevant times. Attached hereto as

18

Exhibit 3 is a true and correct copy of the WHOIS information for the domain name, downloaded on May 12, 2008, from the registrar Wild West Domains' website at https://who.wildwestdomains.com, which shows that during the relevant time Defendant Joe Fontina owned said domain name.

27.     Upon information and belief, long after Yahoo!'s first use of its name and mark YAHOO!, and without permission or authorization of Yahoo!, and with full knowledge and notice of Yahoo!'s trademark rights, Defendants disseminated unsolicited facsimiles advertising vacation packages and displaying the name and mark YAHOO! and imitating the YAHOO! Travel website (the "Cancun Best Fare Faxes").

28.     The Cancun Best Fare Faxes are designed to look like they emanate from Yahoo!. In addition to prominently using the name and mark YAHOO!, these Cancun Best Fare Faxes give the false impression that the information contained therein is a response to a YAHOO! TRAVEL search. An example of a Cancun Best Fare Fax, a true and correct copy of which is attached hereto as Exhibit 4, appears below:



29.     A subset of the Cancun Best Fare Faxes, such as the attached Exhibit 4, imitate a page from the YAHOO! Travel website and have a handwritten note to "Kathy" from an unknown author who has circled the phone number 1 (800) 670-1802, providing the impression that the fax was intended to point out the listed travel package for "Kathy," but was accidentally forwarded to the recipient instead of "Kathy."

30.     The Cancun Best Fare Faxes are designed to mislead people into mistakenly believing the travel packages advertised therein are associated with Yahoo! or the YAHOO! Travel website or are authorized or endorsed by Yahoo!. For example, the fax attached as Exhibit 4 displays the name and mark YAHOO!, and copies the look and feel of Yahoo!'s web properties down to using the famous **YAHOO!** logo.

31.     Defendants use the name and mark YAHOO! intentionally to mislead people into mistakenly believing that they are recipients of advertisements disseminated by Yahoo! or are associated, endorsed, sponsored or affiliated with Yahoo!.

32.     Upon information and belief, Defendants Rigoberto Sotolongo, Peter Sotolongo, Daniel Marshall, and Joe Fontina are have been active participants, primary actors, or conscious, active and dominant forces behind the wrongful acts of Travelcomm complained of herein for the gain of Travelcomm and for their own individual gain.

33.     Upon information and belief, Defendant Travelcomm has an unsatisfactory record according to the Better Business Bureau of Central Florida, which has processed 654 complaints against Defendant Travelcomm over the last 36 months concerning, inter alia, selling practices, advertising issues, service issues and refund practices. A true and correct copy of a record concerning Defendant Travelcomm

20

downloaded from the website of the Better Business Bureau of Central Florida is attached hereto as Exhibit 5.

34.     Additionally, upon information and belief, numerous complaints have been lodged against Defendant Travelcomm or its principals or affiliates alleging illegal activity, including violations of 47 U.S.C. § 227 for unsolicited advertisements.

35.     On February 11, 2008, Yahoo! sent cease and desist demand letters to CancunBestFares.com, EchoEcho Plus, and Bluehost Inc., which upon information and belief are or were affiliated with the Defendants respecting the aforesaid advertisement of travel packages to Cancun, alleging that these activities violate the Federal Trademark Act, 15 U.S.C. § 1051 et seq., and constitute common law trademark infringement, and unfair competition under state law.  Attached hereto as group Exhibit 6 are true and correct copies of the February 11, 2008 letters from Yahoo! to Cancunbestfares.com, EchoEcho Plus, and Bluehost Inc.

36.     On March 11, 2008, Yahoo! sent a cease and desist demand letter to attorney Ricardo Calzada of the law firm Dorough, Calzada, and Hamner, P.L. which represents Defendant Travelcomm, and upon information and belief, its officers Rigoberto Sotolongo, Peter Sotolongo, and Daniel Marshall, regarding the aforesaid advertisement of travel packages to Cancun, alleging that these activities violate the Federal Trademark Act, 15 U.S.C. § 1051 et seq., and constitute common law trademark infringement, and unfair competition under state law.  Attached hereto as Exhibit 7 is a true and correct copy of the March 11, 2008 letter from Yahoo! to Ricardo Calzada.

21

37. On March 20, 2008, attorney Ricardo Calzada responded by letter admitting that his firm represents Travelcomm Industries, Inc. on various matters but denying that Travelcomm distributed the Cancun Best Fares Fax and denying use of the name and mark YAHOO!. Attached hereto as Exhibit 8 is a true and correct copy of the March 20, 2008 letter from Ricardo Calzada.

38. Yahoo! responded, in turn on April 17, 2008, explaining that its investigation of Travelcomm revealed that the email confirmation received after purchasing two travel packages contained a fax number, which was listed in the name of Defendant Travelcomm. Attached hereto as Exhibit 9 is a true and correct redacted copy of Yahoo!'s April 17, 2008 letter to Ricardo Calzada.

39. Upon information and belief, the unauthorized use of the name and mark YAHOO! by Defendants is misleading, fraudulent, and has actually confused, misled, and deceived the public into believing that the Cancun Best Fare Faxes disseminated by Travelcomm are from Yahoo!, or are otherwise associated, endorsed or sponsored by Yahoo!, when they are not.

40. Upon information and belief, Defendants have caused and will continue to cause confusion amongst the general public through their dissemination of the Cancun Best Fare Faxes.

41. Upon information and belief, Defendants' use of the name and mark YAHOO! was and is with actual knowledge of and for the purposes of trading off the reputation and goodwill in the name and mark YAHOO! and was done in bad faith.

22

42.     Upon information and belief, by their unauthorized use of the name and mark YAHOO!, Defendants are seeking to trade off the valuable reputation and goodwill of Yahoo! and cause the public to erroneously believe that Defendants' Cancun Best Fare Faxes emanate from Yahoo! when they do not, thereby causing irreparable injury not only to the public, Yahoo!'s users and customers, but also to Yahoo!'s goodwill, business reputation, and Yahoo! Marks.

**COUNT ONE**
**(Federal Trademark Counterfeiting and Infringement - 15 U.S.C. § 1114)**

43.     Yahoo! repeats the allegations above as if fully set forth herein.

44.     Upon information and belief, Defendants' distribution of the Cancun Best Fare Faxes is in direct competition with Yahoo!'s legitimate provision of travel information and services affecting interstate commerce.

45.     Upon information and belief, Defendants' use of copies or colorable imitations of the name and mark YAHOO! and the Yahoo! Marks in the Cancun Best Fare Faxes is likely to cause and is causing confusion, mistake, and deception among the general public and is likely to deceive the public into believing the Cancun Best Fare Faxes originate from and/or are associated with and/or are otherwise authorized by Yahoo! all to the damage and detriment of Yahoo!'s business, reputation, and goodwill.

46.     Defendants' actions constitute trademark counterfeiting and infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

47.     Yahoo! has no adequate remedy at law for Defendants' infringement of its federally registered trademarks. Unless Defendants are preliminarily and permanently enjoined, Yahoo! will continue to suffer irreparable harm.

ORLA_1102847.1

48.     By reason of Defendants' unlawful conduct as alleged above, Yahoo! has been substantially injured and is entitled to damages attributable to Defendants' infringement, which are presently indeterminate, the costs of this action, and attorneys' fees.

## COUNT TWO
### (Federal False Designation of Origin, Unfair Competition and Passing Off- 15 U.S.C. § 1125(a))

49.     Yahoo! repeats the allegations above as if fully set forth herein.

50.     The name and mark YAHOO! and the Yahoo! Marks are distinctive marks and have become exclusively associated with Yahoo! and thus exclusively identify and distinguish Yahoo!'s business, products, and services.

51.     Upon information and belief, because of Defendants' wrongful use of the name and mark YAHOO! and the Yahoo! Marks, the public is deceptively led to believe that Defendants' Cancun Best Fare Faxes originate from and/or are associated with and/or are otherwise authorized by Yahoo! in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     Upon information and belief, Defendants' actions constitute trademark infringement, passing off, false designation of origin, and false or misleading description or representation of fact in and affecting interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Upon information and belief, the acts of Defendants complained of herein have been done willfully for the purpose of injuring and causing damage tothe public, Yahoo! and its business.

24

54.     Upon information and belief, as a proximate result of Defendants' infringing activities, Yahoo! has suffered and will continue to suffer great damage to its business, goodwill, and reputation.

55.     Upon information and belief, Yahoo! has no adequate remedy at law for Defendants' wrongful acts as alleged herein.  Unless Defendants are preliminarily and permanently enjoined, Yahoo! will continue to suffer irreparable harm.

56.     Upon information and belief, by reason of Defendants' unlawful conduct as alleged above, Yahoo! has been substantially injured and is entitled to damages attributable to Defendants' wrongful acts as alleged herein, which are presently indeterminate, the costs of this action, and attorneys' fees.

**COUNT THREE**
**(Federal Dilution - 15 U.S.C. 1125(c))**

57.     Yahoo! repeats the allegations above as if fully set forth herein.

58.     Yahoo! has expended substantial time, skill, labor, and money, in the creation, marketing, advertising, and promotion of its name and mark YAHOO! and the Yahoo! Marks! and as a result, the aforementioned marks are famous, have acquired distinctiveness and secondary meaning and connote in the minds of the public the high quality products and services offered by Yahoo!.

59.     The name and mark YAHOO! is famous pursuant to 15 U.S.C. § 1125(c) and was famous before Defendants' use of the YAHOO! name and mark in the Cancun Best Fare Faxes.

25

60. Upon information and belief, Defendants' use of the name and mark YAHOO! in commerce is likely to cause dilution by blurring and/or tarnishing the name and mark YAHOO! and the goodwill and reputation associated therewith.

61. Upon information and belief, Defendants' aforementioned acts constitute dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c).

62. Upon information and belief, Defendants' aforementioned acts were done willfully and wantonly, with an intent to trade on Yahoo!'s famous reputation and goodwill.

63. Upon information and belief, as a proximate result of Defendants' actions, Yahoo! has suffered and will continue to suffer great damage to its business, goodwill, and reputation.

64. Upon information and belief, Yahoo! has no adequate remedy at law for Defendants' wrongful acts as alleged herein. Unless Defendants are preliminarily and permanently enjoined, Yahoo! will continue to suffer irreparable harm.

65. Upon information and belief, by reason of Defendants' unlawful conduct as alleged above, Yahoo! has been substantially injured and is entitled to damages attributable to Defendants' wrongful acts as alleged herein, which are presently indeterminate, the costs of this action, and attorneys' fees.

ORLA_1102847.1

## COUNT FOUR
### (Florida Registration & Protection of Trademarks Act, Fla. Stat. 495.131)

66.     Yahoo! repeats the allegations above as if fully set forth herein.

67.     The name and mark YAHOO! and the Yahoo! Marks are valid service marks at common law.

68.     Defendants' aforesaid acts of infringement, imitation, deception, and misrepresentation were and are without Yahoo!'s prior consent and constitute an unauthorized use and/or infringement of the name and mark YAHOO! and the Yahoo! Marks in violation of the Florida Registration & Protection of Trademarks Act, Fla. Stat. § 495.131.

69.     Upon information and belief, Defendants' willfully intended to trade on Yahoo!'s reputation to enhance the commercial value of Defendants' products and services. Upon information and belief, Defendants willfully intended to infringe upon the name and mark YAHOO! and the Yahoo! Marks, and consciously disregarded Yahoo!'s legal rights.

70.     As a result of Defendants' infringement of the name and mark YAHOO! and the Yahoo! Marks, Yahoo! has suffered substantial injury to its business, goodwill, reputation, and profits, all to its damage in an amount yet to be fully ascertained. If Defendants' unlawful infringement of the  YAHOO! name and marks is permitted to continue, Yahoo! will sustain further loss, damage, and irreparable injury, for which Yahoo! has no adequate remedy at law.

27

## COUNT FIVE
### (Florida Registration & Protection of Trademarks Act, Fla. Stat. § 495.151)

71.     Yahoo! repeats the allegations above as if fully set forth herein.

72.     The name and mark YAHOO! is a valid service mark at common law and has acquired fame and distinctiveness.

73.     Defendants' aforesaid acts of infringement, imitation, deception, and misrepresentation dilute and/or create a likelihood of dilution of the distinctive quality of the name and mark YAHOO! in violation of the Florida Registration & Protection of Trademarks Act, Fla. Stat. § 495.151.

74.     Defendants willfully intended to trade on Yahoo!'s reputation and to cause dilution of the name and mark YAHOO! in conscious disregard of Yahoo!'s legal rights.

75.     As a result of Defendants' dilution of the name and mark YAHOO!, Yahoo! has suffered and will continue to suffer substantial injury to its business, goodwill, reputation, and profits, all to its damage in an amount yet to be fully ascertained.

76.     If Defendants' unlawful dilution of YAHOO! name and marks is permitted to continue, Yahoo! will sustain further loss, damage, and irreparable injury, for which Yahoo! has no adequate remedy at law.

## COUNT SIX
### (Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. § 501.201, et seq.)

77.     Yahoo! repeats the allegations above as if fully set forth herein.

28

78.     The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat § 501.201 et seq., prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

79.     Yahoo! is a "consumer" and an "interested party" as those terms are defined by the Act.

80.     Defendants' aforesaid acts of infringement, dilution, imitation, deception, and misrepresentation in connection with the name and mark YAHOO! and Yahoo! Marks constitute unfair methods of competition, unfair or deceptive business acts or practices, and unfair, deceptive, untrue or misleading advertising, and thereby cause injury to Yahoo!'s business reputation, in violation of Fla. Stat. § 501.204.

81.     Defendants have willfully engaged in said practices for their own commercial advantage knowing full well that those practices were unfair, misleading, untrue, and/or deceptive.

82.     Defendants' unlawful, unfair, fraudulent, deceptive, and misleading business practices have misled, and will continue to mislead, the public.

83.     Upon information and belief, Defendants will continue to be unjustly enriched as a result of their unfair business practices. Upon further information and belief, Defendants have derived unlawful gains and profits from said practices. Yahoo! has suffered monetary loss in an amount to be determined. Pursuant to Fla. Stat. § 501.211(2), Yahoo! is entitled to recover its actual damages from Defendants' conduct.

84.     If Defendants unlawful practices are permitted to continue, Yahoo! will sustain further loss, damage, and irreparable injury, for which Yahoo! has no adequate

29

remedy at law. Yahoo! is therefore entitled, under Fla. Stat. § 501.211(1) to a declaratory judgment that Defendants' acts or practices, as described herein, violate the Florida Deceptive and Unfair Trade Practices Act, and to injunctive relief prohibiting such conduct.

85. Pursuant to Fla. Stat. § 501.2105, Yahoo! is entitled to an award of its attorneys' fees and costs from Defendants.

## JURY TRIAL DEMAND

86. Yahoo! hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an entry of judgment and for relief against Defendants as follows that:

A. The individual and corporate defendants, their respective officers, agents, servants, employees, representatives, and all other persons, firms, or corporations in active concert of participation with them be temporarily and preliminarily enjoined at first during the pendency of this action, and, thereafter permanently from:

(i) using the name and mark YAHOO!, and the Yahoo! Marks or any other name or mark in a manner which is likely to cause the public to be confused as to the source or sponsorship of Defendants' advertisements, websites, business, products or services;

(ii) transmitting directly or indirectly electronic messages claiming to originate from Yahoo!, the YAHOO! Travel website, or any other subsidiary or affiliate, existing or non-existing, of Yahoo!;

30

(iii)   from committing any acts calculated to cause the public to believe that Defendants' goods and services and advertisements therefor originate from and/or are associated with and/or are otherwise authorized by Yahoo!;

(iv) from otherwise further diluting, counterfeiting and infringing the name and mark YAHOO! and the Yahoo! Marks; and

B.      Defendants in accordance with 15 U.S.C. § 1116(a) be directed to file with this Court and serve upon Yahoo! within thirty (30) days after entry of the injunction a report in writing under oath, setting forth in detail the manner and form in which they have complied with the injunction;

C.      Defendants account for profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and disgorge such profits;

D.      The amount of damages for infringement of Yahoo!'s registered marks be increased by a sum not exceeding three times the amount thereof as provided by law;

E.      Defendants be required to pay to Yahoo! statutory damages pursuant to 15 U.S.C. § 1117(c), which damages should be enhanced because of the willful nature of the counterfeiting of the Yahoo! Marks;

F.      Defendants be required to account for and pay over to Yahoo! all damages sustained by Yahoo! by reason of their unlawful acts alleged herein, and that such amounts be trebled, as provided by law;

G.      Defendants be required to pay to Yahoo! punitive and exemplary damages in an amount sufficient to deter further illegal conduct;

ORLA_1102847.1

H.     Defendants be required to pay to Yahoo! all of Yahoo!'s costs, disbursements, and attorneys' fees in this action, as provided by law, including 15 U.S.C. § 1117 and Fla. Stat. § 2105;

I.     That Yahoo! be awarded any other relief that the Court may deem just and proper.

Dated:  July 29, 2008                                        Respectfully submitted,

Kevin K. Ross
Florida Bar No. 0066214
FOLEY & LARDNER LLP
111 North Orange Avenue, Suite 1800
Orlando, Florida 32801-2386
Phone: 407.423.7656
Fax: 407.648.1743
kross@foley.com
Trial Counsel

Robert S. Weisbein
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Phone: 212.338.3528
Fax: 212.687.2329
rweisbein@foley.com

Attorneys for Plaintiff, YAHOO! INC.

32